1

2

3

4

5

6

7

8                                     UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NICHOLAS JAY POOLE,                              Case No.  2:21-cv-00588-JDP

12                     Plaintiff,                       ORDER DENYING PLAINTIFF'S MOTION
                                                        FOR SUMMARY JUDGMENT AND
13          v.                                          GRANTING COMMISSIONER'S CROSS-
                                                        MOTION FOR SUMMARY JUDGMENT
14    KILOLO KIJAKZI, Acting Commissioner
      of Social Security,                               ECF Nos. 15 & 16
15
                       Defendant.
16

17          Plaintiff challenges the final decision of the Commissioner of Social Security

18    ("Commissioner") denying his applications for a period of disability and Disability Insurance

19    Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the

20    Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 15 & 16.  For

21    the reasons discussed below, plaintiff's motion for summary judgment is denied and the

22    Commissioner's is granted.

23                                          **Standard of Review**

24          An ALJ's decision denying an application for disability benefits will be upheld if it is

25    supported by substantial evidence in the record and the correct legal standards were applied.

26    *Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence'

27    means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a

28    reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504

                                                    1

1     F.3d 1028, 1035 (9th Cir. 2007).

2          "The ALJ is responsible for determining credibility, resolving conflicts in medical

3     testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

4     2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

5     interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

6     *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  However, "[t]he ALJ's findings . . . must

7     be supported by specific, cogent reasons," *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998),

8     and the court will not affirm on grounds upon which the ALJ did not rely, *Connett v. Barnhart*,

9     340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

10          A five-step sequential evaluation process is used in evaluating eligibility for Social

11    Security disability benefits.  Under this process the ALJ is required to determine: (1) whether the

12    claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical

13    impairment (or combination of impairments) that qualifies as severe; (3) whether any of the

14    claimant's impairments meet or medically equal the severity of one of the impairments in 20

15    C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and

16    (5) whether the claimant can perform other specified types of work.  *See Barnes v. Berryhill*, 895

17    F.3d 702, 704 n.3 (9th Cir. 2018).  The claimant bears the burden of proof for the first four steps

18    of the inquiry, while the Commissioner bears the burden at the final step.  *Bustamante v.*

19    *Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

20                                          **Background**

21          Plaintiff filed applications for a period of disability, DIB, and SSI, alleging disability

22    beginning April 16, 2014.  Administrative Record ("AR") 308-15.  After his applications were

23    denied both initially and upon reconsideration, plaintiff appeared and testified at an administrative

24    hearing.  AR 58-81, 175-80, 182-87.  On April 26, 2018, an ALJ issued a decision finding that

25    plaintiff was not disabled.  AR 149-62.  The Appeals Council granted plaintiff's request for

26    review, vacated the ALJ's decision, and remanded the matter further proceedings.  AR 169-81.

27          Plaintiff subsequently appeared and testified before a different ALJ.  AR 33-57.  On April

28    8, 2020, that ALJ issued a new decision finding that plaintiff was not disabled.  AR 13-26.

                                                  2

Specifically, the ALJ found that:

1.  The claimant meets the insured status requirement of the Social Security Act through December 31, 2018.

2.  The claimant has not engaged in substantial gainful activity since April 16, 2014, the alleged onset date.

    * * *

3.  The claimant has the following severe impairments: degenerative disc disease of the cervical spine with radiculopathy.

    * * *

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    * * *

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), but he is limited to no more than occasional overhead reaching bilaterally.  He is limited to no more than frequent balancing, stooping, kneeling, and climbing of ramps and stairs. He is limited to no more than occasional crouching and crawling. He cannot climb ladders or scaffolds.  He cannot work around unprotected heights.  In addition, he must avoid concentrated exposure to moving mechanical parts.

    * * *

6.  The claimant is capable of performing past relevant work as a Janitor.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

    * * *

7.  The claimant has not been under a disability, as defined in the Social Security Act, from April 16, 2014, through the date of this decision.

AR 16-25 (citations to the code of regulations omitted).

3

1    Plaintiff requested review by the Appeals Council, which denied the request.  AR 1-5.  He

2  now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

3                                          **Analysis**

4    Plaintiff advances two arguments.  First, he argues that the ALJ's decision that he could

5  perform medium work was contrary to law and not supported by substantial evidence.  Second, he

6  argues that the ALJ's credibility assessment was flawed both because of the errors alleged in his

7  first argument and because the ALJ failed to consider his strong work history.  Neither argument

8  is persuasive.

9       **I.       Performance of Medium Work**

10    In deciding that plaintiff could perform medium work, the ALJ assigned some weight to

11  the opinion of examining physician Steven E. Gerson, who determined that plaintiff could

12  perform that level of work with some limitations.  AR 22.  The ALJ noted that Dr. Gerson's

13  opinion was consistent with plaintiff's spinal x-rays, generally normal neurological function, and

14  ability to work as a janitor until 2014 despite undergoing cervical spine surgery.  *Id.*  The ALJ

15  gave little weight to the opinions of the State agency medical consultants, including Dr. Jonathan

16  Schwartz, after concluding that they were inconsistent with the aforementioned evidence.  *Id.*

17    Plaintiff attacks the ALJ's findings on several fronts.  First, he points out that they are

18  inconsistent with the findings of the first ALJ.  That may be, but plaintiff has not identified any

19  authority holding that those findings, which were vacated by the Appeals Council, should have

20  had any effect on remand.  To the contrary, the Appeals Council's decision directed the ALJ to

21  consider "whether the claimant has past relevant work and, if so, can perform it."  *Id.* at 170.  The

22  Appeals Council did not direct the ALJ to honor any part of the prior decision on remand.[1]

23

24    [1] Plaintiff's argument is curious given the position that he advanced before the Appeals
Council.  In addition to challenging the findings in the initial ALJ's decision, plaintiff argued that
the ALJ was not properly appointed under the U.S. Constitution's Appointments Clause and
25  therefore lacked authority to decide his claim.  AR 485.  He further argued that the appointment
defect required that his case be remanded "to a different ALJ, who has been properly appointed,
26  for a de novo oral hearing; said hearing must be more than a perfunctory ratification of the prior
ALJ's decision."  *Id.*  The Appeals Council agreed that the case should be remanded to a different
27  ALJ, noting that any Appointments Clause defect would be cured by reassignment to a different
ALJ.  AR 170.  Thus, plaintiff got what he requested—a new decision from a different ALJ that
28

1      Second, plaintiff argues that the ALJ erred in crediting the opinion of Dr. Gerson over that

2  of Dr. Schwartz and the other state agency consultants who found him capable of only light work.

3  It is settled law that "[t]he ALJ is responsible for determining credibility, resolving conflicts in

4  medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th

5  Cir. 1995). The reviewing federal court must uphold the ALJ's determination of these issues

6  "where the evidence is susceptible to more than one rational interpretation." *Id.* at 1039-40.

7  Here, the ALJ's decision to credit Dr. Gerson's opinion was not irrational. As the ALJ noted,

8  medical records from 2015 indicated that plaintiff's cervical spondylosis was mild, *id.* at 563, and

9  spinal x-rays taken in 2016 showed soft tissues "within normal limits" and "[n]o evidence of an

10 acute osseous abnormality of the cervical spine," *id.* at 815. Medical records also showed normal

11 neurologic functioning. *See, e.g.*, *id.* at 570. This is not to say that the opinions of Dr. Schwartz

12 and the other examiners are themselves irrational or that record evidence could not be found to

13 support them. It was the ALJ's prerogative, however, to decide between two competing medical

14 opinions, and I have identified no reversible error in his decision. *See Gutierrez v. Comm'r of*

15 *Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) ("If the evidence can reasonably support

16 either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the

17 Commissioner.") (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

18      **II.      Evaluation of Credibility Evidence**

19      Plaintiff's second and final argument is that the ALJ erred in evaluating his credibility. In

20 making this argument, he first claims that the ALJ's failure to correctly weigh the medical

21 evidence and to determine appropriate work limitations also invalidates the credibility

22 determination. I have already rejected the foundation of this claim, however.

23      The second and more substantive argument is that the ALJ failed to account for plaintiff's

24 strong work history. The ALJ implicitly did so, however, when he recognized that, despite

25 having a history of cervical spine injury and surgery, plaintiff worked as a janitor until 2014. AR

26 22. And even if the ALJ failed to sufficiently discuss this factor, that error was harmless. *See*

27

28 was not merely a ratification of the prior one.

1   *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1162 (9th Cir. 2008) (citation to erroneous reasons is

2   harmless if the "ALJ's remaining reasoning and ultimate credibility determination were

3   adequately supported by substantial evidence in the record").  In his decision, the ALJ noted that

4   plaintiff could engage in independent self-care and a number of household chores—including

5   more strenuous ones like mowing the lawn. *Id.* at 22.  Plaintiff performed personal care

6   independently and could swim at his gym. *Id.*  Finally, the medical treatments for plaintiff's

7   cervical spine disorder were conservative, consisting primarily of medications. *Id.* at 21.  The

8   credibility determination was adequately supported and will be upheld.

9           Accordingly, it is hereby ORDERED that:

10          1.  Plaintiff's motion for summary judgment, ECF No. 15, is denied.

11          2.  The Commissioner's cross-motion for summary judgment, ECF No. 16, is granted.

12          3.  The Clerk is directed to enter judgment in The Commissioner's favor.

13

14   IT IS SO ORDERED.

15

16   Dated:    September 29, 2022          _____

17                                        JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28